### In re NIXON.

### No. 12516.

District Court, W. D. Pennsylvania.

Jan. 6, 1938.

Thos. J. Callanan, of Oil City, Pa., referee.

Warren I. Parker, of Oil City, Pa., for creditors.

Nesbit & Wasson, of Franklin, Pa., for Jno. H. Glass.

SCHOONMAKER, District Judge.

We have for review an order of a referee in bankruptcy made on August 23, 1937: (1) Authorizing the trustee to carry on the business of the bankrupt until further order of the court, nunc pro tunc, as of the 8th day of March, 1926; and (2) allowing the trustee additional compensation in the sum of $4,770.94 for services rendered as provided by section 48e of the Bankruptcy Act, section 76(e), title 11 U. S.C.A. This section allows additional compensation in cases where the business is conducted by trustees, marshals, or receivers, as provided by section 2(5) of the act, section 11(5), Title 11 U.S.C.A., which empowers the court to authorize the business of the bankrupt to be conducted for limited periods by receivers, marshals, or trustees, if necessary in the best interests of the estates, and to allow such officers additional compensation for such services.

The bankrupt firm was a stockbrokerage firm, and it is conceded that the trustee did not in fact carry on or continue the precise business in which the bankrupt firm was engaged prior to bankruptcy. However, the referee was of the opinion that while the trustee did not in fact carry on such business as the bankrupt firm had been conducting, yet the varied and numerous transactions in which the trustee engaged in the process of administering the estate might be fairly said to constitute a business relating to and growing out of the business formerly conducted by the bankrupt.

We are unable to concur in this view. What the trustee did was merely to preserve the assets and to liquidate the estate intrusted to his care. He cannot by law be allowed additional compensation for that, however complicated the liquidation might have been.

This view is supported by the following cases: In re Slattery & Co., Inc., 2 Cir., 294 F. 624; In re Duke et al., D.C., 15 F. 2d 92.

The order of the referee of August 23, 1937, will be vacated and set aside; and the petition of the trustee for additional compensation will be denied. An order may be submitted accordingly.